**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| NEHEMIAS ESAU SANCHEZ ROMERO | CIVIL ACTION NO. 26-1403 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| LISA BOWEN, ET AL. | MAGISTRATE JUDGE McCLUSKY |

## ORDER

Nehemias Esau Sanchez Romero ("Romero") has filed a petition for a writ of habeas corpus and a motion for a temporary restraining order. Record Documents 1, 2. The habeas petition, Record Document 1, is **REFERRED** to the Magistrate Judge for further consideration and recommendation. The motion for temporary restraining order, Record Document 2, is **DENIED**.

In his motion, Romero argued that his continued detention is unconstitutional under *Zadvydas v. Davis*, 533 U.S. 678 (2001) where the United States Supreme Court held that post-removal detention must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. To obtain *Zadvydas* relief, the petitioner "has the initial burden to show that post-removal-order detention has surpassed six months, and to 'provide good cause to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Uriostegui Rios v. Trump*, No. 25-1320, 2026 WL 810556, at *2 (W.D. La. Mar. 24, 2026).

1

Here, Romero has not met his initial burden for relief under *Zadvydas*. In his petition, Romero acknowledged that his final order of removal was not entered until December 5, 2025. Because his detention occurred less than six months ago, Romero's continued detention remains "presumptively reasonable," and his *Zadvydas* challenge is premature. *Agyei-Kodie v. Holder*, 418 F. App'x 317, 317 (5th Cir. 2011) (holding the challenge to "continued post removal order detention is premature" where the detainee "has not been in post-removal-order detention longer than the presumptively reasonable six month period[.]").

**DONE AND SIGNED** at Shreveport, Louisiana, this 11th day of May, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE

2